MATAITULI S. TAUA and VAIELUA LAMEKO,
Plaintiffs/Objectors

v.

UTUUTUVANU S. FAATEA, Defendant/Claimant

High Court of American Samoa
Land and Titles Division

LT No. 30-87

May 13, 1988

Before REES, Chief Justice, and TUIAFONO, Associate Judge.

Counsel: For Plaintiff Mataituli, Edwin Gurr
For Defendant, Aviata Fa'alevao

The facts in this case are as follows:

1) In 1987 Utuutuvanu Faatea offered a tract of land called "Fa'aea" in Amanave for registration as the communal land of the Utuutuvanu family. (A previous attempt by the same claimant to register the same land had been rejected by the Court on the ground that the claimant was not then the registered Utuutuvanu titleholder and therefore had no standing to offer land for registration on behalf of the family. <u>Tutuvanu v. Niui'a</u>, LT No. 16-84 (decided March 20, 1985).)

2) Mataituli Taua and Vaielua Lameko objected, claiming respectively that the land in question was the property of the Mataituli and Vaielua families.

3) Vaielua did not, however, file a complaint in this case when notified to do so.

4) Mataituli did file a complaint. The complaint was served on Utuutuvanu. There is no evidence in the record that a copy was served on Vaielua.

5) On March 15, 1988, the case between Mataituli and Utuutuvanu came for trial. Witnesses for Mataituli were himself and Tago Logoiafi. Utuutuvanu was his own witness.

6) The preponderance of the evidence at trial was to the effect that all or almost all members of the Mataituli family are also connected to the Utuutuvanu family and vice versa. Mataituli claims that Utuutuvanu is a lesser matai title of his family; Utuutuvanu claims that Mataituli is a lesser matai title of his family. Each party relies on his own family history and legend to support his claim. The Utuutuvanu family believes that the Mataituli family came to the land only because a Mataituli once married the daughter of an Utuutuvanu. The Mataituli family agrees that such a marriage occurred. Their legend has it, however, that the Mataituli family had lived on the land long before the marriage in question, and that the Utuutuvanu title itself was created and conferred on the first Utuutuvanu by an early Mataituli. The Court finds the two stories, in and of themselves, equally credible and coherent.

7) Tago Logoiafi, the pulenu'u of Amanave and also a member of the Mataituli family, testified

135

that the Mataituli title is recognized within the village as independent of the Utuutuvanu family. Although this witness's dogged efforts to avoid admitting that he was related to Mataituli were not helpful to his credibility, his substantive testimony was uncontroverted.

8) The preponderance of the evidence at trial was to the effect that the land offered for registration is part of a larger tract, also called Fa'aea, which is now occupied by Mataituli and by other family members who render service to Mataituli and not to Utuutuvanu.

We conclude that the offer of registration by Utuutuvanu must be denied. His family history affords no intrinsic basis to establish its own accuracy over against that of Mataituli. The other evidence --- occupancy of the land by Mataituli and by those rendering service to him, and the uncontroverted testimony to the effect that the village recognizes Mataituli as a title in its own right --- preponderates against the claim of Utuutuvanu.

We also conclude, however, that it would be inappropriate to order the registration of the tract as the property of the Mataituli family. In the first place, the tract represents only a small portion of what the Mataituli family claims to be the extent of Fa'aea, so if Mataituli wishes to register the whole of Fa'aea he would have in any case to make a new offer of registration.

Moreover, Mataituli's complaint was never served on the other objector, Vaielua. Vaielua did receive a notice from the Clerk of the High Court to the effect that he must file a pleading within twenty days or lose the right to press his objection to the Utuutuvanu registration. The Mataituli family, however, could easily have brought the Vaielua family into this proceeding in order to test its claim against theirs but chose not to do so.

Finally, even apart from the failure to serve Vaielua, the case presented at trial by Mataituli was awfully thin. It was concerned almost exclusively with the relationship between the Mataituli and Utuutuvanu families, and was sufficient to defeat the Utuutuvanu registration

136

but not to establish a title good against the world.

The offer of registration by Utuutuvanu is denied. If Mataituli wishes to register the land he should offer it for registration in accordance with the statutory procedures.

It is so ordered.